UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM DIGIANNI,

        Plaintiff,

        -against-

CITY UNIVERSITY OF NEW YORK,

        Defendant.
------------------------------------------------------------X
WILLIAM DIGIANNI,

        Plaintiff,

        -against-

ORRICK, HERRINGTON & SUTCLIFFE, LLP.,

        Defendant.
------------------------------------------------------------X
WILLIAM DIGIANNI,

        Plaintiff,

        -against-

PEOPLECLICK, INC.,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
10 CV 2568 (RJD)

10 CV 2748 (RJD)

10 CV 2749 (RJD)

DEARIE, Chief Judge.

By orders dated May 19, 2010, and June 2, 2010, the United States District Court for the Southern District of New York transferred these three employment discrimination actions to the Eastern District. By order dated June 30, 2010, this Court denied plaintiff's requests to proceed *in forma pauperis,* and informed plaintiff that if he intends to commence these actions, he must

pay the statutory filing fee of $350, per action, within ten (10) days of the date of the order. Furthermore, the Court's June 30, 2010 order summarized plaintiff's litigation history,[1] repeated the Court's prior warnings to plaintiff regarding filing frivolous actions, and directed plaintiff to show cause, by written affirmation, within thirty (30) days of the date of the Order why the Court should not bar future *in forma pauperis* complaints tendered by plaintiff. 28 U.S.C. § 1651.

More than thirty days have elapsed since the Court's mailing of the memorandum and order and plaintiff has failed to: (1) pay the filing fees to initiate any of these three actions; or (2) to show cause why the Court should not bar future *in forma pauperis* complaints. See

---

[1] Plaintiff is a frequent filer who has filed a multitude of employment discrimination cases in this district. See DiGianni v. National Evaluation Systems Inc., 05 CV 4983 (ERK) (dismissed by order dated July 16, 2007); DiGianni v. Spitzer et al., 05 CV 5408 (ERK) (dismissed by order dated July 31, 2006); DiGianni v. Bloomberg et al., 06 CV 392 (ERK) (dismissed by order dated December 12, 2007); DiGianni v. New York State Department of Education et al., 08 CV 762 (RJD) (dismissed by order dated October 8); DiGianni v. New York City Department of Education et al., 08 CV 923 (RJD) (consolidated into lead case 08 CV 762); DiGianni v. American International Group, 08 CV 4355 (RJD) (dismissed by order dated March 31, 2010, plaintiff warned that his continued abuse of the judicial process must stop or he will face significant sanctions); DiGianni v. Pearson et al., 09 CV 1760 (RJD) (pending employment discrimination action); DiGianni v. Orrick, Herrington & Sutcliffe et al., 09 CV 3653 (RJD) (dismissed as frivolous, by order dated September 30, 2009; plaintiff warned that if he continues to file frivolous actions, he will be barred from commencing future actions without prior Court approval); DiGianni v. New York State Department of Education, 09 CV 4941 (RJD) (case dismissed by order dated February 4, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Pearson, 09 CV 5275 (RJD) (pending employment discrimination action); DiGianni v. Pearson et al., 10 CV 206 (RJD) (dismissed by order dated May 14, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. American International Group, 10 CV 1359 (RJD) (dismissed by order dated May 27, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. New York City Department of Education et al., 10 CV 1538 (RJD) (dismissed by order dated May 27, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. New York City et al., 10 CV 2008 (RJD) (dismissed by order dated June 1, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Bally's Total Fitness, 10 CV 2745 (RJD) (*in forma pauperis* status denied by order dated June 30, 2010, plaintiff warned that if he continues to file frivolous actions, he will be barred from commencing future actions without prior Court approval).

Pandozy v. Tobey, 335 Fed.Appx. 89, 92 (2d Cir. 2009) (affirming district court's imposition of sanctions on vexatious litigant after notice and opportunity to respond was provided); Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotation marks omitted); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993) ("[C]ourts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."); Misu v. U.S. Dist. Court State et al., No. 09 CV 876, 2009 WL 1067211, at *2 (E.D.N.Y. Apr. 16, 2009). Plaintiff's history of baseless and vexatious litigation with this Court makes it clear that the Court may enter an order barring plaintiff from initiating any new *in forma pauperis* actions without prior Court approval.

## CONCLUSION

Accordingly, plaintiff's three complaints are dismissed without prejudice for plaintiff's failure to pay the filing fees. In addition, the Court orders that: (1) plaintiff is enjoined from filing any new *in forma pauperis* complaints in this Court without first obtaining leave of Court; (2) the Clerk of Court is directed to return to plaintiff, without filing, any *in forma pauperis* complaint tendered without an application seeking leave to file; (3) if the Court grants plaintiff leave to file a new action, the civil action shall be filed and assigned a civil docket number; (4) if leave to file is denied, plaintiff's submission shall be filed on the Court's miscellaneous docket. 28 U.S.C. § 1651.

Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Order; however, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis*

status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                      s/ Judge Raymond J. Dearie

                                                     RAYMOND J. DEARIE
                                                     United States District Judge

Dated: October 15, 2010
       Brooklyn, New York